UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21CR0235 SRC (SPM) |
| JIMAR JEFFERSON, | ) ) ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant Jimar Jefferson, represented by defense counsel Felicia Jones, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count One: Possession of Child Pornography the lesser offense necessarily included in Count One of charge, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's possession and receipt of child pornography between January 1, 2020 and March 29, 2021, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further recommend to the Court that the Defendant be sentenced to one hundred and twenty (120) months incarceration, which the parties believe will adequately reflect the seriousness of the offense and provide just punishment for the offense. The parties will jointly be recommending one hundred and twenty (120) months of incarceration at sentencing. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

The defendant agrees to forfeit to the United States all property subject to forfeiture under the applicable statutes, and the defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: two (2) Samsung Galaxy Smartphones seized by law enforcement. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.  **ELEMENTS:**

As to the lesser included offense in Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly possessed material that contained images of child pornography, (2) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions

2

were of a minor engaging in sexually explicit conduct, and (3) those images are contained on material that has been transported in interstate and foreign commerce and were themselves transported in interstate and foreign commerce.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Summary

A cyber tip led law enforcement to search the home of the defendant, where it was discovered that he possessed numerous images and videos of child pornography that he had received from the internet.

**Cyber Tip**

On March 29, 2021, a State of Missouri search and seizure warrant was executed at the residence of Jimar Jefferson located at 22 Patricia Ave, Ferguson, Missouri, 63135. The search warrant is based on nine (9) cyber-tips from the National Center of Missing and Exploited Children ("NCMEC") and Google, Inc. Google Inc. notified NCMEC that the user of the email address "marluxia8587@gmail.com" had uploaded more than 200 videos of child pornography. The uploads happened in the summer of 2020. The phone number associated with the account belonged to Defendant Jefferson. Also the defendant told police that the marluxia8587@gmail.com email address was his email address in an earlier case that occurred in 2015. The IP address associated with the uploads is a Charter IP address that was assigned to the residence of 22 Patricia Ave, Ferguson, Missouri.

### Search Warrant

Upon execution of the search warrant by the St. Louis County Police, the defendant was located in the home. Also in the home, St. Louis County Police located Jefferson's two cell phones. Those cell phones were seized by the St. Louis Police County Department. Both cell phones are Samsung Galaxy's cell phones. Four other sex offenders were living in the home with Jefferson, however, everyone had their own bedroom or bedroom area (one person was using the living room as his bedroom). Jefferson had his own bedroom.

### Interview:

Det. Stephanie Stoehner spoke with the defendant in her unmarked police vehicle outside of the residence. The defendant was given his *Miranda* rights, stated he understood those rights, and began to answer questions from law enforcement. The defendant stated to Det. Stoehner that he is the owner of the marluxia8587@gmail.com email account, as well as, he is the owner of the phone number that was associated with that Gmail account. The defendant told Det. Stoehner that his Gmail email address had been blocked because of underage pornography. Defendant Jefferson admitted to receiving the child pornography files on his cell phone and the child pornography files had been backed up to his Gmail account. Both use the internet and wireless phone communication are means of interstate communication. The defendant further stated the child pornography files had come from an adult couple. The defendant also admitted to looking for and viewing child pornography files on Twitter. The defendant has several roommates, but he has his own room in the house.

The defendant is a register sex offender. The defendant has a prior conviction from St. Louis County in cause number 16SL-CR01334 for Statutory Sodomy Second Degree (two

4

counts). The victim was a fifteen-year-old boy. The defendant received a suspended execution sentence ("SES") of five (5) years in the Missouri Department of Corrections. The defendant is currently on probation for this sentence.

FORENSICS:

Officer Jim Karase with the St. Louis County analyzed the defendant's cell phones. PO Karase found child pornography on one of the two cell phones (both are Samsung Galaxy Note 5G cell phones). First, using Cellebrite software, Karase located 46 images and 1 video file of child pornography. These images and videos mainly depict prepubescent minor boys engaged in sexually explicit conduct. The phone was manufactured outside of the United States and the images and video are from the internet. Many of the of images appear to have been put on the cell phone in the Fall of 2020.

St. Louis County Police sent a search warrant to Google for the defendant's marluxia8587@gmail.com email account. Google returned the contents of the email account and it contained 1853 video files of child pornography, 138 image files of child pornography and 516 files of child pornography. Out of those files approximately 22 videos and 8 image files contained bestiality or bondage with children. There were also files that identified that the account belonged to Jefferson such as image files and email addresses.

It should be noted that all the of registered sex offenders living in the home were interviewed.

In summary, and as the Defendant now admits, between January 1, 2020, and March 29, 2021, in the Eastern District of Missouri, defendant knowingly received images and videos of

child pornography from the Internet, which is a means or facility of interstate commerce, including but not limited to the following:

1) "1603648679917.jpg.jpg" - a graphic image file that depicts a prepubescent minor male performing oral sex on an adult male;

2) "1603648681088.jpg" – a graphic image file that depicts a prepubescent minor male performing oral sex on an adult male;

3) "1603648680640.jpg" – a graphic image file of a minor prepubescent male performing oral sex.

5. **STATUTORY PENALTIES:**

As to Lesser Included Offense of Possession of Child Pornogrpahy, the Defendant fully understands that the maximum possible penalty provided by law for the crime of Possession of Child Pornography to which the defendant is pleading is imprisonment of not more than twenty years, and a fine of not more than $250,000. **The Court may also impose a period of supervised release of not more than life and not less than five years. Due to defendant's prior conviction he subject to a mandatory minimum sentence of 10 years in prison.**

The defendant understands that the Court may impose the sentences to run consecutively (one after the other), or concurrently (at the same time).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than:

(1) $17,000.00 if convicted of 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5), regarding the possession of, or access with intent to view, child pornography;

(2) $35,000.00 if convicted of any other trafficking in child pornography offense as defined by § 2259(c)(3), which includes offenses under:
   i. 18 U.S.C. § 2251(d);
   ii. 18 U.S.C. §§ 2252(a)(1) through (3);
   iii. 18 U.S.C. §§ 2252A(a)(1) through (4);
   iv. 18 U.S.C. § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)); or
   v. 18 U.S.C. 2260(b);

(3) $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under:
   i. 18 U.S.C. § 2251(a) through (c) (production of child pornography);
   ii. 18 U.S.C. § 2251A (selling or buying of children);
   iii. 18 U.S.C. § 2252A(g) (in cases in which the series of felony violations involve at least one of the violations listed in this subsection);
   iv. 18 U.S.C. § 2260(a); or
   v. any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256).

**Possibility of Enhanced Criminal Status**: In certain situations, defendant may be subject to a mandatory minimum sentence and a maximum sentence greater than described above. Below are some of the provisions that have increased sentences for certain prior convictions:

| | |
|---|---|
| Production of Child Pornography 18 U.S.C. § 2251(e) | a. One prior conviction: 25 years to 50 years  b. Two or more prior convictions: 35 years to life. |
| Distribution, Transportation or Receipt of Child Pornography 18 U.S.C. §§ 2252(b)(1) and 2252A(b)(1) | One or more prior convictions: 15 years to 40 years |
| Possession or Access with the Intent to View Child Pornography | One or more prior convictions: 10 years to 20 years |

7

| | |
|---|---|
| 18 U.S.C. §§ 2252(b)(2) and 2252A(b)(2) | |
| Travel with intent to engage in illicit sexual conduct; and Engaging in illicit sexual conduct in foreign places 18 U.S.C. § 2426(a) | One or more prior convictions: Up to 90 years |
| For offenses under 1591 (relating to sex trafficking of children), 2241 (relating to aggravated sexual abuse), 2242 (relating to sexual abuse), 2244(a)(1) (relating to abusive sexual contact), 2245 (relating to sexual abuse resulting in death), 2251 (relating to sexual exploitation of children), 2251A (relating to selling or buying children), 2422(b) (relating to coercion or enticement of a minor into prostitution) (unless 3559(e)(3) applies) or 2423(a) relating to transportation of minors) (unless 3559(e)(3) applies). 18 U.S.C. § 3559(e) | If convicted of one of these offenses in which a minor is the victim and the person has a prior sex conviction in which a minor is a victim, the term of imprisonment is life, unless a sentence of death is imposed. |

The defendant is pleading guilty with full knowledge of these, as well as other possibilities, has discussed the possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines that the defendant is subject to different minimum or maximum sentences than described herein.

6.  **U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

   a.   **Chapter 2 Offense Conduct:**

   (a) **Base Offense Level:**   The parties agree that the base offense level is eighteen (18) as found in Section 2G2.2(a)(1):

8

(b) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

    (a)    two (2) levels should be decreased because defendant's conduct was limited to the receipt and solicitation of material involving the sexual exploitation of a minor,

    (b)    two (2) levels should be added pursuant to Section 2G2.2(b)(2) because "the material involved a prepubescent minor or a minors who had not attained the age of 12 years;"

    (c)    four (4) levels should be added pursuant to Section 2G2.2(b)(4), because "the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence,"

    (d)    two (2) levels should be added pursuant to Section 2G2.2(b)(6), because "the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of material,"

    (e)    five (5) levels should be added pursuant to Section 2G2.2(b)(7)(D), because the offense involved "at least 600 images" of child pornography.

    b.    **Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated

9

acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

   (2) **Other Adjustments:** The parties agree that the following additional adjustments apply: none.

  c. **Chapter Four Adjustments:**  none.

  d. **Other Adjustment(s)/Disputed Adjustments:** none.

  e. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 24. However, due to the defendant's criminal history, the mandatory minimum sentence is 10 years in prison.

  f. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

  g. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have

foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein, except as provided in Section 11, below. However the Government reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2) **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant to 120 months in prison or less, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant to 120 months in prison or more.

    b.    **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    c.    **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.    OTHER:**

    a.    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

    b.    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    c.    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised

release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    d.    **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under –

    (2)    Chapter 109A (relating to sexual abuse);

    (3)    Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography));

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

 e. **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

 f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. Under Section 2259(c)(3), the minimum amount of restitution per victim for each count of conviction is $3000 for crimes occurring on and after December 7, 2018.

 g. **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a

claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency.

The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument. The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to certain forfeiture authorities. Defendant specifically agrees to the forfeiture of two Samsung Galaxy Note 5G cell phones.

The defendant agrees said specific property may be transferred from any other custodian into the custody of the Federal Bureau of Investigation ("FBI"), or any other federal law enforcement agency, for purposes of its forfeiture. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against of the assets described herein. Defendant understands that pursuant to 18 U.S.C. § 983, notice is required for an administrative forfeiture proceeding. Defendant hereby knowingly and voluntarily waives any rights to such notice being sent within the time frames in 18 U.S.C. § 983, and further agrees the property may be retained for forfeiture and not returned to Defendant, regardless if notice is sent within the prescribed time frames. Defendant voluntarily waives all constitutional, legal and equitable claims arising out of and/or defenses to the forfeiture of this property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine.

Defendant hereby agrees to unconditionally release and hold harmless the St. Louis County Police Department, the FBI, and any officers, employees and agents, from any and all claims,

demands, damages, cause of actions or suits, of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure of the above-described property.

9.     **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state

sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has

completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

12/20/21
Date

*Colleen Lang*
COLLEEN LANG
Assistant United States Attorney

12/17/21
Date

*Jimar Jefferson*
JIMAR JEFFERSON
Defendant

12/17/21
Date

*Felicia Jones*
FELICIA JONES
Attorney for Defendant